# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

          v.

S. PAUL KELLEY, GEORGE TAZBAZ, ROGER D. LOCKHART, ROBERT S. AGRIOGIANIS, AND SHAWN A. BECKER,

                    Defendants.

C.A. No. __-____ (___)

# CONSENT OF DEFENDANT ROGER D. LOCKHART

1.    Defendant Roger D. Lockhart ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a) permanently restrains and enjoins Defendant from violation of Sections 5(a), 5(c), 17(a)(1), and 17(a)(3) of the Securities Act of 1933 ("Securities Act"), and Sections 9(a), 10(b), 13(d), and 16(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5(a), 10b-5(c), 13d-1, 13d-2, and 16a-3 thereunder, and Rule 101 of Regulation M thereunder;

(b) orders Defendant to pay disgorgement in the amount of $1,819,211.77, plus prejudgment interest thereon in the amount of $332,268.15; and

(c) orders Defendant to pay a civil penalty in the amount of $1,000,000.00 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to, payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such civil penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such civil penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

      11.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this

agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 4-10-14

Roger D. Lockhart

On April 10, 2014 Roger Lockhart, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires: 3-8-2020

CAROLYN NICHOLS   Notary Public
Carroll County   State of Arkansas
My Commission Expires Mar. 8, 2020
Commission # 12375613

Approved as to form:

Matthew J. Smith, Esq.
Holly Stein Sollod, Esq.
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone (303) 295-8000
Attorneys for Defendant

6

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE COMMISSION,

                     Plaintiff,

       v.

S. PAUL KELLEY, GEORGE TAZBAZ, ROGER D. LOCKHART, ROBERT S. AGRIOGIANIS, AND SHAWN A. BECKER,

                     Defendants.

C.A. No. __-____ (___)

# FINAL JUDGMENT AS TO DEFENDANT ROGER D. LOCKHART

The Securities and Exchange Commission having filed a Complaint and Defendant Roger D. Lockhart having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XIV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 9(a) of the Exchange Act [15 U.S.C. § 78i], by, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or any member of a national securities exchange:

(a) For the purpose of creating a false or misleading appearance of active trading in any security, or a false or misleading appearance with respect to the market for any such security:

   1. Effecting any transaction in such security which involves no change in the beneficial ownership thereof; or

   2. Entering an order or orders for the purchase or sale of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale or purchase of any such security, has been or will be entered by or for the same or different parties; or

 (b) Effecting, alone or with one or more other persons, a series of transactions in any security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. §§ 240.10b-5(a) and 240.10b-5(c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud; or

 (b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 101 of Regulation M [17 C.F.R. § 242.101], by, directly or indirectly, in connection with a distribution of securities, for which they are a distribution participant or an affiliated purchase of such person, bidding for, purchasing, or attempting to induce any person to bid for or purchase, such security during the applicable restricted period.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2], by:

(a) failing to file with the Commission a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)]; or

    (b)    failing to file with the Commission an amendment disclosing any material change that occurs in the facts set forth in the Schedule 13D that is or was required to be filed under Exchange Act Rule 13d-1(a) [17 C.F. R. § 240.13d-1(a)] including, but not limited to, any material increase or decrease in the percentage of the class of equity security that is beneficially owned.

## VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. §78p(a)] and Rule 16a-3 promulgated thereunder [17 C.F.R. § 240.16a-3], by failing to file information, documents, and reports as required pursuant to Section 16(a) of the Exchange Act and Rule 16a-3, in the absence of any applicable exemption, when Defendant is, directly or indirectly, the beneficial owner of more than 10 percent of any class of any equity security (other than an exempted security) which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l].

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77l(a)(1) and 77l(a)(3)] by,

directly or indirectly, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) Employing a device, scheme, or artifice to defraud; or

(b) Engaging in transactions, practices, or courses of business which have been or are operating as a fraud or deceit upon the purchasers of securities.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,819,211.77,  representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $332,268.15, and a civil penalty in the amount of $1,000,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $3,151,479.92 pursuant to the terms of the payment schedule set forth in paragraph X below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at [http://www.sec.gov/about/offices/ofm.htm](http://www.sec.gov/about/offices/ofm.htm).  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Roger D. Lockhart as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

7

X.

Roger D. Lockhart shall pay the total of disgorgement, prejudgment interest, and penalty due of $3,180,098.28 in two installments to the Commission according to the following schedule:  (1) $1,000,000.00 within 14 days of the entry of Final Judgment; and (2) $2,180,098.28 within 365 days of the entry of Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Roger D. Lockhart shall contact the staff of the Commission for the amount due for the final payment.

If Roger D. Lockhart fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE

9